UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

U.S. SECURITIES AND EXCHANGE
COMMISSION,

                  Plaintiff,

-v-

EVARIST C. AMAH,

                  Defendant.

21-CV-6694 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      The United States Securities and Exchange Commission ("Plaintiff") brings this Action pursuant to Section 20(b) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(b), Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), and Section 209(d) of the Investment Advisors Act of 1940 ("Advisers Act"), against Evarist C. Amah ("Defendant"), alleging that Defendant violated various provisions of the Securities, Exchange, and Advisors Acts (as well as rules thereunder) and will aid and abet violations of the Securities Act. (*See* Compl. ¶¶ 4, 6 (Dkt. No. 1).)

      Defendant did not submit a formal application for assignment of pro bono counsel; rather, he made such a request of the Court via Letter Motion on February 15, 2022. (*See generally* Letter from Evarist C. Amah to District Judge Kenneth M. Karas dated February 15, 2022 ("Letter") (Dkt. No. 27).) Defendant asserts, in broad strokes, that the importance of the matter, combined with his economic circumstances as well as the "unlimited legal and financial resources" of the opposing party, comprise grounds for the appointment of pro bono counsel. (*See id.* at 1.) Specifically, Defendant states that he "neither has the legal nor the financial resources to ensure a fair outcome," but that the "intricacies of this crucial matter," which demand careful "navigat[ion]," necessitate "[e]xperienced . . . legal counsel." (*Id.*)

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003).

First, the Court "should . . . determine whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes submissions drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Freedom Mortg. Corp. v. Heirs*, No. 19-CV-1273, 2020 WL 3639989, at *3 (S.D.N.Y. July 6, 2020) (observing that district courts should apply liberal treatment for all submissions of pro se litigants, including pro se defendants in civil actions (citing *Triestman*, 470 F.3d at 747)). Second, "[i]f the claim meets this threshold requirement," the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

2

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

At this early stage of the Action, the Court cannot ascertain, let alone adjudge, the viability and merits of Plaintiff's claims or of Defendant's defenses. This militates against an appointment of counsel. *See Paulini v. City of New York*, No. 15-CV-7059, 2016 WL 5946189, at *1 (S.D.N.Y. Oct. 7, 2016) ("Since the merit of [the] plaintiffs' claims against [the pro se indigent defendant] and the viability of his defense to those claims are still open questions at this stage of the case, it would be unwise for the Court to tap from the limited well of attorneys willing to plow for free in civil cases, to defend [the pro se indigent defendant] against still uncertain claims."); *Grigoryou v. Pallet Serv. Inc.*, No. 13-CV-526, 2014 WL 1767796, at *3 (W.D.N.Y. May 2, 2014) (denying appointment of counsel because, among other reasons, "[s]ince the case is still at an early stage, the merit (or lack thereof) of plaintiff's claims is difficult to assess."); *cf. UMG Recordings, Inc. v. McClean*, No. 04-CV-8470, 2005 WL 1863674, at *1 (S.D.N.Y. Aug. 4, 2005) (appointing pro se defendant counsel where the Court found that "she has asserted plausible factual defenses").

Nonetheless, for the purposes of the instant request, the Court construes Defendant's potential defense liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted). But even if Defendant meets this initial threshold, his application would still be found wanting.

Thus far, Defendant has not provided the Court with information to demonstrate undue difficulty pressing his defense without the assistance of counsel. While Defendant alludes to a limited knowledge of law—he writes that he has limited "legal . . . resources," (Letter at 1)—a

3

"lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel," *Tramun v. Ocasio DDS*, No. 11-CV-6061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012); *see also West v. Brickman*, No. 07-CV-7260, 2008 WL 3303773, at *2 (S.D.N.Y. Aug. 6, 2008) (noting that a "lack of knowledge in civil law" does not justify a request for counsel (alteration omitted)). "[Defendant] has not indicated, and the record before the Court does not reflect, what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Defendant's] ability to [make his defense]." *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999).

Moreover, Plaintiff's claims against Defendant "are not so complex or unique that a person of [Defendant's] intelligence would be unable to handle them at this stage." *Mena v. City of N.Y.*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Rather, Plaintiff's claims are based on actions Defendant is said to have undertaken and rest on records under Defendant's control, (*see generally* Compl.), which "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case").

Finally, Defendant's financial concerns, while troubling, are insufficiently detailed to compel the Court's intervention. In other cases where indigent parties have applied for appointment of pro bono counsel, said parties typically provide details as to their financial situations such that the Court can consider this information in its analysis. *See, e.g.*, *Paulini*, 2016 WL 5946189, at *2 (noting that the "[purportedly indigent pro se defendant] states that he makes between $1,000 and $2,300 a month driving a cab, has an old car and no appreciable

4

assets, and that his monthly liabilities including rent are about $1,000" in its decision as to whether to appoint counsel); *cf. United States v. Diversified T.E.S.T. Techs., Inc.*, No. 09-CV-718, 2010 WL 3761866, at *3 (N.D.N.Y. Sept. 20, 2010) (observing that, following a denial of a motion for appointment of counsel for pro se defendants without prejudice, a magistrate judge "specifically instructed [the defendants] that they would have to support any future application for appointment of counsel with 'affidavits detailing the[ir] income and expenses . . . and must disclose any assets, including but not limited to bank accounts, available to defray litigation expenses, including attorneys' fees.'" (alterations in original)).  The Court is unfortunately unable to rely solely on an unsworn and undetailed letter in which Defendant claims only that he "lost a significant amount of money, thereby completing wiping out [his] family's savings and assets and plunging [him] into significant debt."  (Letter 1.)

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Defendant has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.[1]

---

[1] This is not to say Defendant has not met any burdens he faces to warrant appointment of counsel.  For example, "the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").  Defendant has made an effort to secure counsel and has thus far been unable to do so, (*see* Letter at 1 ("The defendant

5

For the reasons stated above as well as the consideration that "[v]olunteer lawyer time is a precious commodity," *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), Defendant's request for assignment of counsel is denied without prejudice. Defendant may renew his request and provide the Court with additional information regarding his circumstances. The Clerk is directed to terminate the pending Letter Motion, (Dkt. No. 27), and mail a copy of this Order to Defendant.

SO ORDERED.

Dated:   March 8, 2022
         White Plains, New York

                                                    _____
                                                    KENNETH M. KARAS
                                                    United States District Judge

---

contacted several attorneys experienced in securities litigation . . . but their fees were . . . way too high for the defendant. The defendant is not in a financial position to retain legal counsel."), thereby meeting this threshold requirement.